## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER BRANTINGHAM**, | : | |
| 103 Benfield Ave. | : | |
| Columbus, OH 43207 | : | |
| | : | Civil Action No.: 2:16-cv-1169 |
| **Plaintiff, for herself and all others similarly situated.** | : | |
| | : | |
| | : | JUDGE |
| vs. | : | |
| | : | MAGISTRATE JUDGE |
| **EMERGENCY SERVICES, INC.,** | : | |
| c/o Agent | : | |
| Mark McCarthy | : | |
| Poling Law | : | |
| 300 E. Broad Street, Suite 350 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

NOW COMES Plaintiff Jennifer Brantingham ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendant Emergency Services, Inc. ("Defendant").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendant in the Southern District of Ohio and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Jennifer Brantingham is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Brantingham resides in Franklin County, Ohio.

6. At all times relevant herein, the Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

7. Defendant Emergency Services, Inc. is a domestic Corporation registered to do business in Ohio and conducts business in the Southern District of Ohio.

8. At all times relevant herein, Defendant was a covered employer as that term is defined in the FLSA and O.R.C. Chapter 4111.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff's Consent Notice is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

2

## FACTUAL BACKGROUND

11.     Defendant Emergency Services, Inc. is an emergency medicine group that staffs four hospitals in Central Ohio. Defendant employs Physicians and Extenders (i.e, health care providers who are not a physicians but who perform medical activities), including Nurse Practitioners, Physician Assistants, and Scribes.

12.     Defendant maintains its corporate office in Columbus, Franklin County, Ohio.

13.     Plaintiff first began her employment with Defendant on or around April 26, 2016 as an Extender, specifically, a Physician Assistant.

14.     Plaintiff's employment with Defendant ended on or around August 31, 2016.

15.     At any given time, Defendant employs more than 30 Extenders.  (See Defendant's website, *available at* http://esiohio.com/about.html)

16.     Defendant has contracts or agreement with certain hospitals to provide staffing, including Extenders, for the hospital's emergency room.

17.     At all times relevant herein, Extenders, including Plaintiff, are paid once per month.

18.     At the time of hire, Defendant provides its Extenders with a document entitled, "ESI Extender Compensation Packages," which outlines the compensation packages for Extenders by year of service.

19.     During Extenders' first two years of employment, Extenders are compensated on a strictly hourly-basis, and Extenders are required to work 14-16 shifts per month.

20.     Extenders typically work a minimum of 10 hours per shift.

21.     Accordingly, Extenders regularly work over 40 hours in a workweek.

22.     During Extenders' first year of employment, Extenders are compensated at a rate of $45.00 per hour.

3

23.     During Extenders' second year of employment, Extenders are compensated at a rate of either $48.00 per hour or $50.00 per hour, depending on whether the Extender is qualified to write prescriptions.

24.     Extenders who work more than seven nights per pay period (one month) receive an extra $8.00 per hour for shifts that begin at 10:00 p.m. or after.

25.     During their first two years of employment, Extenders are not paid on a salary basis, nor a fee basis.  They are paid on "straight time" on an hourly basis, and accordingly, their wages are wholly dependent on the number of hours worked.

26.     After an Extender is employed with Defendant for more than two years, their pay structure changes.  After their second year of employment, Extenders are paid on an hourly basis but also receive non-discretionary, productivity bonuses.

27.     Extenders are awarded non-discretionary, productivity bonuses based on "RVUs" (Relative Value Units), which are awarded based on billable acts performed by the Extender while working.

28.     Extenders kept track of their time using Paylocity, an electronic timekeeping system. Paylocity has a website and app that allows employees to clock in and out electronically.

29.     At all times relevant herein, Extenders regularly worked more than 40 hours in a workweek.

30.     At all times relevant herein, Extenders were not paid overtime compensation at a rate of one and one half times their regular rates of pay for all hours worked in excess of 40 in a workweek during the first two years of their employment with Defendant.

31.     At all times during Plaintiffs employment, she was employed as an hourly-paid Extender (Physician Assistant).

4

32.     Plaintiff regularly worked more than 40 hours in a workweek.

33.     Plaintiff was paid her hourly rate for all hours worked in a workweek.  Plaintiff was not paid overtime compensation at a rate of one and one half times her regular rate of pay for all hours worked in excess of 40 in a workweek.

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, _et seq._ -**
**Failure to Pay Overtime**

34.     All of the preceding paragraphs are realleged as if fully rewritten herein.

35.     Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which is defined as: All current and former Extenders employed by Defendant, for 3 years prior to the date of filing this Complaint, who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40, (hereinafter referred to collectively as "Extenders" or "SSPs").

36.     Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 30 Extenders.  These other hourly-paid Extenders are similarly situated to Plaintiffs and are referred to herein as Similarly Situated Plaintiffs or "SSPs".

37.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiffs are representative of all hourly-paid Extenders employed by Defendant and are acting on behalf of their interests as well as their own in bringing this action.

38.     The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid

wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

39.     Plaintiffs and the SSPs are paid on an hourly basis.

40.     Plaintiffs and the SSPs are not exempt during their employment with Defendant as bona fide professionals under 29 U.S.C. § 213(a)(1) as defined by the Department of Labor's ("DOL") regulations provided in 29 C.F.R. § 541.300 because Extenders are not compensated on a salary or fee basis at a rate of at least $455 per week at all times relevant herein.

41.     Plaintiffs and the SSPs are not exempt during their employment with Defendant under 29 U.S.C. § 213(a)(1) as defined by DOL regulations provided in 29 C.F.R. § 541.304 because Extenders are not "bona fide professionals" as that term is defined in Section 13(a)(1) of the FLSA.

42.     Plaintiff and the SSPs were not paid an overtime premium for all hours worked over 40 in a workweek.

43.     Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

44.     Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

45.     Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiff and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**OMFWSA R.C. 4111.03 -**
**Failure to Pay Overtime**

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

47.     This claim is brought under Ohio Law.

48.    Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek was, and continues to be, a violation of Section 4111.03 of the Ohio Revised Code.

49.    For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

### THIRD CAUSE OF ACTION
### R.C. 4113.15 –
### Failure to Tender Pay by Regular Payday

50.    All of the preceding paragraphs are realleged as if fully rewritten herein.

51.    Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of when they performed compensable work.

52.    At all times relevant herein, Defendant failed to make proper wage payments to Plaintiff for all overtime compensation for all hours worked in excess of 40 in a workweek.

53.    By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and similarly situated individuals are entitled to and pray for the following relief:

A.    Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime payment in this action;

B.    A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and the OMFWSA;

7

C.  An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

D.  An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

E.  An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

F.  An award of prejudgment and post judgment interest;

G.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg.Mansell@Ohio-EmploymentLawyer.com*)
Carrie J. Dyer (0090539)
(*Carrie.Dyer@Ohio-EmploymentLawyer.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph:  (614) 610-4134
Fax:  (513) 826-9311
*Counsel for Plaintiffs*

Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
Rachel@TFFLegal.com

8

Pete@TFFLegal.com
614-610-9757 (Phone)
614-737-9812 (Fax)

## **JURY DEMAND**

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Greg R. Mansell*
Greg R. Mansell (0085197)