IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BRANTINGHAM, *for herself and all others similarly situated* <br><br> Plaintiffs, <br><br> vs. <br><br> EMERGENCY SERVICES, INC., <br><br> Defendant. | ) CASE NO. 2:16-cv-1169 <br> ) <br> ) JUDGE MICHAEL H. WATSON <br> ) <br> ) MAGISTRATE JUDGE ELIZABETH A. <br> ) PRESTON DEAVERS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL ORDER AND JUDGMENT APPROVING
COLLECTIVE ACTION SETTLEMENT**

WHEREAS Representative Plaintiff Jennifer Brantingham and Defendant Emergency Services, Inc. ("Defendant") entered into a Collective Action Settlement Agreement ("Settlement Agreement") on July 19, 2017 to resolve this collective action lawsuit ("Lawsuit");

WHEREAS the Court entered an Order dated August 1, 2017 preliminarily approving the Settlement consistent with the requirements of 29 U.S.C. § 216(b) certifying a settlement class, ordering that notice be sent to all Potential Opt-In Class Members and scheduling a Final Approval Hearing ("Preliminary Approval Order");

WHEREAS the Court held a final approval hearing on November 1, 2017 to determine whether to give final approval to the proposed Settlement; and

WHEREAS the Court makes the following Findings of Fact and Conclusions of Law in support of the approval of the proposed Settlement.

NOW, THEREFORE, based on the submissions of the Parties, all prior proceedings in this action, and on the evidence and arguments presented at the Final Approval Hearing, it is

hereby ORDERED, ADJUDGED, and DECREED as follows:

1. <u>Incorporation of Other Documents</u>. This Final Order and Judgment Approving Collective Action Settlement (the "Final Approval Order") incorporates herein the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2. <u>Jurisdiction</u>. Because adequate notice has been disseminated and all Potential Opt-In Class Members have been given the opportunity to opt-in to the Settlement, the Court has personal jurisdiction with respect to the claims of all Opt-In Class Members. The Court has subject matter jurisdiction over the Lawsuit, including jurisdiction to approve the proposed Settlement, grant final certification of a settlement class, and dismiss the Lawsuit.

3. <u>Final Collective Action Certification</u>. A class is certified for settlement purposes only based on the Court's finding that the proposed settlement class satisfies all applicable requirements of 29 U.S.C. § 216(b) and due process. The "Settlement Class" consists of all "Extenders" (i.e., health care providers who are not physicians but who perform medical activities, including Nurse Practitioners, Physician Assistants, and Scribes) who worked for Defendant between December 23, 2014 and June20, 2017, and who did not sign an Arbitration Agreement. Representative Plaintiff and members of the Settlement class who filed consents to join the Lawsuit are collectively referred to as "Collective Members." A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., is certified for settlement purposes consisting of all Collective Members who accept settlement payments under the terms of the Settlement Agreement.

4. <u>Adequacy of Representation</u>. Greg Mansell of Mansell Law, LLC and Rachel Sabo of The Friedmann Firm LLC have fully and adequately represented the Settlement Class

for purposes of entering into and implementing the settlement and have satisfied the requirements of 29 U.S.C. § 216(b).

     5.     Class Notice. The Court finds that the Consent to Join and its distribution to the Potential Opt-In Members has been implemented pursuant to the Settlement Agreement and the Preliminary Approval Order and that they:

     a.     constitute the best practicable notice to Potential Opt-In Members under the circumstances of the Lawsuit;

     b.     constitute notice that was reasonably calculated, under the circumstances, to apprise Potential Opt-In Members of (i) the pendency of the Lawsuit; (ii) the terms and conditions of the Settlement and their rights under the Settlement; (iii) their right to opt-in to the Lawsuit and the proposed Settlement; (iv) their right to object to any aspect of the proposed Settlement; (v) their right to appear at the Final Approval Hearing, either on their own behalf or through counsel hired at their own expense;

     c.     constitute notice that was reasonable, adequate, and sufficient to all persons entitled to be provided notice;

     d.     constitute notice that fully satisfied 29 U.S.C. § 216(b); and

     e.     constitute notice that adequately informed members of the Potential Opt-In Class that the Settlement will have no binding effect upon individuals who choose not to opt-in to the Lawsuit and Settlement.

     6.     Final Settlement Approval. The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the Lawsuit. No person objected to the Settlement Agreement. The Settlement Agreement and all of its terms

are fully and finally approved are fair, reasonable, adequate, and in the best interest of each of the Parties and the Settlement Class. The Settlement Agreement resolves a bona fide dispute under the FLSA and contains terms that further the purposes of the FLSA. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. <u>Binding Effect</u>. The terms of the Settlement Agreement, this Final Approval Order, and the judgment entry are binding on all members of the Settlement Class who opted-in to the Lawsuit and Settlement – as well as their heirs, executors, administrators, successors, and assigns – and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Lawsuit.

8. <u>Release</u>. Members of the Settlement Class who opted-in to the Lawsuit and Settlement shall be bound by the Release of Claims set forth in the Settlement Agreement as to all Released Parties. That Release of Claims is incorporated herein in all respects, and it is effective as of the date of this Final Approval Order. The Court expressly adopts all defined terms in the Settlement Agreement, including, but not limited to, the following definition of Settled Claims:

> All wage and hour claims against the Released Parties (as that term is defined in this Agreement) arising between December 23, 2014, and up to the effective date of this settlement, that were or could have been asserted in the Lawsuit under the federal Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*), the Ohio Minimum Fair Wage Standards Act (O.R.C. Chapter 4111), or any state or local law, including, but not limited to, all claims for minimum wages and unpaid regular or overtime wages; all derivative benefit claims (both ERISA and non-ERISA benefits); penalties, interest, and liquidated damages on such claims; regular rate calculations; and attorney's fees and costs relating to such

claims. All such claims are hereby released by any member of the Settlement Class who did not opt out of the Settlement.

9. <u>Permanent Injunction</u>. Members of the Settlement Class who opted-in to the Lawsuit and Settlement are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the Settled Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Lawsuit and to protect and effectuate the Court's Final Approval Order.

10. <u>Enforcement of Settlement</u>. Nothing in this Final Approval Order shall preclude any action to enforce the terms of the Settlement Agreement.

11. <u>Settlement Payments</u>. Defendant Emergency Services, Inc. shall make all payments to opt-in Plaintiffs as set forth in the Settlement Agreement. Those monies shall be distributed to the opt-in Plaintiffs pursuant to the terms provided in the Settlement Agreement.

12. <u>Representative Plaintiffs Enhancement Payments</u>. The Court finds that the Enhancement Payment to the Representative Plaintiff in the amount of $1,000.00, to be paid by Defendant to Representative Plaintiff, Jennifer Brantingham, for service and assistance to the Settlement Class in the Lawsuit is reasonable and appropriate. Such Enhancement Payment is to be paid pursuant to the conditions set forth in the Settlement Agreement.

13. <u>Modification of the Settlement Agreement</u>. The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of members of the Settlement Class under the Settlement Agreement.

14. <u>Retention of Jurisdiction</u>. The Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose, including, without limitation:

  a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Lawsuit that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Approval Order;

  b. entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and permanently enjoining members of the Settlement Class from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

  c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. <u>No Admissions</u>. Neither this Final Approval Order nor the Settlement Agreement are, may be construed as, or may be used as an admission or concession: (a) by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability or (b) by Representative Plaintiff that the claims she has asserted in the Lawsuit lack merit. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendant's denials or defenses or an admission or concession as to the merits of Representative Plaintiff's claims and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this

Final Approval Order and the Settlement Agreement; provided, however, that this Final Approval Order and the Settlement Agreement may be filed in any action against or by Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

16. <u>Dismissal with Prejudice.</u> All claims in the Lawsuit are hereby dismissed with prejudice. Each party to bear its own costs.

IT IS SO ORDERED this 1st day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE