IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JENNIFER BRANTINGHAM,**

    **Plaintiff,**

                                                  Case No. 2:16-cv-1169
                                                  Judge Michael H. Watson
    **v.**                                               Magistrate Judge Elizabeth P. Deavers

**EMERGENCY SERVICES, INC.,**

    **Defendants.**

### OPINION AND ORDER

    This is a Fair Labor Standards Act ("FLSA") collective action case.  Plaintiff Jennifer Brantingham and three (3) opt-in Plaintiffs (collectively, "Plaintiffs") have moved the Court for an award of attorneys' fees and litigation expenses. (ECF No. 28.)  Defendant has agreed not to oppose this request.  (*Id*. at 1.)  For the following reasons, Plaintiffs' counsel are **AWARDED** the requested attorneys' fees and expenses.

### I.

    Plaintiffs assert wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111, *et seq*.  Plaintiffs contend that they were not paid overtime for the hours that they worked over 40 per week.  (ECF No. 1 at 4.)  On December 23, 2016, Plaintiffs moved to certify the class and conduct Court-supervised notice to potential opt-in Plaintiffs.  (ECF No. 4.)  Plaintiffs identified thirty-two potential class members, three of whom consented to join this action.  (ECF No. 27 at 3-4.)   On March 1, 2017, the parties moved the Court to stay all proceedings in order to engage in settlement discussions.

(ECF No. 9.) On July 18, 2017, the parties consented to the jurisdiction of the Magistrate Judge for all settlement proceedings, including any application for attorneys' fees and costs. (ECF Nos. 20 & 21.) The parties reached a final settlement and moved the Court for preliminary approval on July 26, 2017. (ECF No. 24.) The Court granted preliminary approval on August 1, 2017, and final approval on November 1, 2017. (ECF Nos. 25 & 32.)

Under the Agreement, Plaintiffs will release the claims that they against Defendant regarding the alleged underpayment of overtime wages. (ECF No. 27 at 4 n. 1.) Defendant, in turn, will pay Plaintiffs $13,168.63, comprised of (1) 175% of the amount owed for underpaid overtime compensation and (2) liquidated damages. (*Id*. at 5-6.) The Court notes that, in addition to the amount recovered by Plaintiffs, Defendant has agreed to change its overtime compensation policy. As of June 20, 2017, all of Defendants' employees in Plaintiffs' position are now salaried. (ECF No. 27 at 4.) Plaintiffs agree to dismiss this action with prejudice following final payment to each Plaintiff. (*Id*. at 4.)

Plaintiffs' counsel request $35,586.97 in attorneys' fees and litigation expenses. (ECF No. 28 at 2.) Defendants do not oppose this request. (*Id*. at 1.) These fees and expenses would be awarded to Plaintiffs' counsel and are separate from the amount, listed earlier, payable to Plaintiffs. (ECF No. 27 at 6.)

**II.**

Under 29 U.S.C. § 216(b), "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs [in an FLSA action], allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.' " *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)

(quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id*. at 1134-35 (quoting *United Slate*, 732 F.2d at 503). Plaintiffs "'bear[ ] the burden of proving that the requested fees and expenses are reasonable.'" *Barnett v. E-Waste Sys., Inc.*, No. 1:14-cv-908, 2015 WL 1757302, at *7 (S.D. Ohio Apr. 17, 2015) (quoting *Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate.'" *Citizens Against Pollution*, 484 F. Supp. 2d at 808 (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "There is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id*. (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Even fee awards that surpass the amount awarded to plaintiffs may be approved as reasonable where the unpaid wages are minor. *See Fegley v. Higgin*, 19 F.3d 1126, 1130 (6th Cir. 1994) (upholding attorneys' fee award of $40,000 when plaintiff recovered only $7,680 in damages). Plaintiffs' counsel must "present billing records sufficiently detailed to allow the court to calculate an appropriate award." *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, 468 F. App'x 479, 486 (6th Cir. 2012).

Plaintiffs' counsel seek $35,112.50 in attorneys' fees and $474.47 in court costs advanced by counsel. (ECF No. 28 at 5.) They expended approximately 109.5 hours on this litigation. (*Id*. at 12.) Plaintiffs' counsel seeks an hourly fate of $350.00 for 59.2 hours worked by Mr. Mansell, $275.00 for 14.6 hours worked by Ms. Dyer, $300.00 for 34.2 hours worked by Ms. Sabo, and $115.00 for 1.5 hours worked by a law clerk. (*Id*.; ECF No. 30-1) Given the

posture of this litigation, the number of hours billed by Plaintiffs' counsel is reasonable.  As to a reasonable hourly rate, attorneys who practice employment law on the labor side in Ohio bill at a median rate of $288 per hour and at a mean rate of $313 per hour.  Ohio State Bar Ass'n, The Economics of Law Practice in Ohio in 2013, at 40 (2013).  Even considering Mr. Mansell's request for an hourly rate of $350.00, the effective hourly rate for the entire award is $320.66, very nearly the state average.  Accordingly, the requested hourly rates are reasonable.

The Court, thus, arrives at a lodestar of $35,112.50, which Plaintiffs' counsel may collect as requested.  (ECF No. 28.)  Despite the apparent disparity between the amount recovered by Plaintiffs and the award sought for Plaintiffs' counsel, the Court finds the lodestar amount to be reasonable.  *Fegley*, 19 F.3d at 1130.  Plaintiffs' counsel may also collect their litigation expenses of $474.47, which the Court finds to be reasonable as well.  (ECF No. 30-1 at 9.)

### III.

For the foregoing reasons, Plaintiffs' counsel are **AWARDED** the requested attorneys' fees and expenses.  (ECF No. 28.)

**IT IS SO ORDERED.**


Date:  November 8, 2017                              /s/ *Elizabeth A. Preston Deavers*
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE